**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**DU BO, Defendant–Appellant.**

**No. 97–10443.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1998.

Memorandum Disposition Decided
Jan. 7, 1999.

Memorandum Disposition Withdrawn
Aug. 10, 1999.

Decided Aug. 10, 1999.

---

G. Anthony Long, Saipan, MP, for the defendant-appellant.

David Wood, Assistant United States Attorney, Saipan, MP, for the plaintiff-appellee.

Before: GOODWIN, BEEZER and THOMAS G. NELSON, Circuit Judges.

BEEZER, Circuit Judge.

█ Du Bo appeals his conviction for interference with commerce by extortion, in violation of 18 U.S.C. § 1851. We have jurisdiction, 28 U.S.C. § 1291, and we reverse. We hold that, if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment.

Du Bo was charged by indictment with a violation of 18 U.S.C. § 1851 ("the Hobbs Act"). More than two months before trial, he unsuccessfully challenged the indictment as defective for failing to specify the necessary mens rea. On appeal, he argues that the indictment is fatally flawed and that he need not show prejudice from the flaw to obtain reversal. We agree.

█ Although not stated in the Hobbs Act itself, criminal intent—acting "knowingly or willingly"—is an implied and necessary element that the government must prove for a Hobbs Act conviction. *United States v. Soriano*, 880 F.2d 192, 198 (9th Cir.1989). "[I]mplied, necessary elements, not present in the statutory language, must be included in an indictment." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir.1995). The indictment charges Du Bo only with "unlawfully" affecting commerce by the "wrongful" use of force. Under our Hobbs Act jurisprudence, such terms do not connote the proper mens rea for a Hobbs Act conviction. *See United States v. Aguon*, 851 F.2d 1158, 1168 (9th Cir.1988), *overruled on other grounds by Evans v. United States*, 504 U.S. 255, 112

S.Ct. 1881, 119 L.Ed.2d 57 (1992). The indictment on its face is deficient. The issue we decide today is whether the deficiency is amenable to harmless error review. We conclude that it is not.

█ Du Bo's conviction requires reversal because his indictment fails to ensure that he was prosecuted only "on the basis of the facts presented to the grand jury...." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir.1994). At common law, "the most valuable function of the grand jury was ... to stand between the prosecutor and the accused, and to determine whether the charge was founded upon credible testimony...." *Hale v. Henkel*, 201 U.S. 43, 59, 26 S.Ct. 370, 50 L.Ed. 652 (1906). Incorporated into the Fifth Amendment by the Founders, there is "every reason to believe that our constitutional grand jury was intended to operate substantially like its English progenitor." *Costello v. United States*, 350 U.S. 359, 362, 76 S.Ct. 406, 100 L.Ed. 397 (1956). The Fifth Amendment thus requires that a defendant be convicted only on charges considered and found by a grand jury. *See United States v. Hooker*, 841 F.2d 1225, 1230 (4th Cir.1988).

█ Failing to enforce this requirement would allow a court to "guess as to what was in the minds of the grand jury at the time they returned the indictment...." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir.1979) (citing *Russell v. United States*, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)). Such guessing would "deprive the defendant of a basic protection that the grand jury was designed to secure," by allowing a defendant to be convicted "on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him." *Id.* (citing *Russell*, 369 U.S. at 770, 82 S.Ct. 1038). We may only guess whether the grand jury received evidence of, and actually passed on, Du Bo's intent. We may never know if the grand jury would have been willing to ascribe criminal intent to Du Bo. *See Stirone v. United States*, 361 U.S. 212,

217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) (no court may "know" what the grand jury "would have been willing to charge"). Refusing to reverse in such a situation would impermissibly allow conviction on a charge never considered by the grand jury. *See id.* at 219, 80 S.Ct. 270; *see also United States v. Miller,* 471 U.S. 130, 139–140, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985).[1]

■■■■■ Du Bo's conviction also must be overturned because his indictment lacks a necessary allegation of criminal intent, and as such does not "properly allege an offense against the United States." *United States v. Morrison,* 536 F.2d 286, 289 (9th Cir.1976); *see also United States v. Carll,* 105 U.S. 611, 613, 26 L.Ed. 1135 (1881) (such indictment fails to charge defendant with any crime). Such a failure "generally constitutes a fatal defect" that can not be cured through jury instructions, *Keith,* 605 F.2d at 464, because a "completely missing essential element" leaves "nothing for a petit jury to ratify," *Hooker,* 841 F.2d at

1232.[2] Specifically, the "failure to include the element of willfulness . . . renders [an] indictment constitutionally defective." *United States v. Kurka,* 818 F.2d 1427, 1431 (9th Cir.1987). It is not amenable to harmless error review. *See United States v. Spruill,* 118 F.3d 221, 227 (4th Cir. 1997).[3]

■■■■ The government is correct that challenges to minor or technical deficiencies, even where the errors are related to an element of the offense charged and even where the challenges are timely, are amenable to harmless error review. *See United States v. Neill,* 166 F.3d 943, 947–48 (9th Cir.1999), *cert. denied,* —— U.S. ——, 119 S.Ct. 2037, 143 L.Ed.2d 1046 (1999). The complete failure to charge an essential element of a crime, however, "is by no means a mere technicality." *See United States v. King,* 587 F.2d 956, 963 (9th Cir.1978). As the Supreme Court stated over a century ago, the omission of a necessary element of an offense is a

1. The standard for reviewing flaws in the indictment should not be confused with the standard for reviewing flaws in the grand jury proceeding which led to the indictment. "Errors in the grand jury indictment procedure are subject to harmless error analysis unless the structural protections of the grand jury have been compromised as to render the proceedings fundamentally unfair." *United States v. Oliver,* 60 F.3d 547, 549 (9th Cir. 1995) (internal quotation marks and alterations omitted); *see also People of Territory of Guam v. Muna,* 999 F.2d 397, 399 (9th Cir. 1993) (standard for dismissal differs when considered prior to or after trial).

2. The Supreme Court recently held that the failure to submit an element of an offense to a petit jury is subject to harmless error analysis. *See Neder v. United States,* —— U.S. ——, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). We do not apply *Neder* here. First, on its face, *Neder* applies to petit, not grand, juries. Second, an error in a petit jury instruction is "simply an error in the trial process itself," *id.* at ——, 119 S.Ct. at 1833 (quotation marks omitted), which can be assessed in the context of the trial. Conversely, errors in a grand jury indictment allow only a "guess as to what was in the minds of the grand jury at the time. . . ." *See Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Third, the Court focused on whether

an error in a petit jury instruction would "necessarily render a trial fundamentally unfair." *Neder,* —— U.S. at ——, 119 S.Ct. at 1833. In the insufficient indictment context, the fact that a defendant received a fair trial and suffered no prejudice is "irrelevant." *United States v. Daniels,* 973 F.2d 272, 275–76 (4th Cir.1992). Until the Court applies *Neder*'s holding to the grand jury context or otherwise alters its grand jury jurisprudence, the rule that a timely challenged indictment that fails to contain elements of a crime requires reversal per se shall remain "a vital part of our Federal criminal jurisprudence." *See United States v. Spinner,* 180 F.3d 514 (3d Cir.1999) (decided after *Neder*) (internal quotation marks omitted).

3. Our holding is limited to cases where a defendant's challenge is timely. Applying harmless error to a timely challenge would make "a pretrial motion charging the insufficiency of the indictment . . . self-defeating . . . because the motion could not have been brought without actual notice of the missing element." *Hooker,* 841 F.2d at 1230. Untimely challenges to the sufficiency of an indictment are reviewed under a more liberal standard. *See, e.g., United States v. James,* 980 F.2d 1314, 1318 (9th Cir.1992); *United States v. Coleman,* 656 F.2d 509, 510 (9th Cir.1981); *Souza v. United States,* 304 F.2d 274, 276–77 (9th Cir.1962).

"matter of substance, and not a defect or imperfection in matter of form only...." *Carll,* 105 U.S. at 613 (internal quotation marks omitted). Considering the indictment in its entirety and construing it according to common sense as we must, *see United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995), Du Bo's indictment was terminally defective. The error was no mere clerical error; the indictment listed specific legal terms that do not, for purposes of the Hobbs Act, state the requisite intent. *See Aguon,* 851 F.2d at 1168.

Because the indictment charging Du Bo failed to include a necessary element of the offense at issue, and because Du Bo timely raised a challenge, the indictment was fatally flawed. Accordingly, we reverse the judgment against Du Bo and direct the district court to dismiss the indictment.

REVERSED AND REMANDED.