**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-41151
Summary Calendar

MICHAEL FISHER,

Petitioner-

Appellant,

versus

MICHAEL PURDY, Warden,

Respondent-

Appellee.

------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CV-58
------------------------------------------------------------
May 31, 2002

Before JOLLY, EMILIO M. GARZA and STEWART, Circuit Judges:

PER CURIAM:[*]

Michael Fisher, federal prisoner # 05226-112, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Fisher argues that he is entitled to bring his claim that the indictment was fundamentally defective under the savings clause of 28 U.S.C. § 2255. He argues that his claim is a jurisdictional issue which may be raised at any time. Fisher has not shown that he is entitled to raise his claim under the savings clause of 28 U.S.C. § 2255. Fisher has not shown that 28 U.S.C. § 2255 is inadequate or ineffective. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Further, his claim is based on United States v. Du Bo, 186 F.3d 1177 (9th Cir. 1999). He has

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not shown that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense or that the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion.  See Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001).  Therefore, the district court did not err in determining that Fisher could not bring this claim under the savings clause of 28 U.S.C. § 2255.

AFFIRMED.