**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        v.

TIMOTHY W. OMER,
        *Defendant-Appellant.*

No. 03-30513

D.C. No.
CR-03-00009-DWM

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

        v.

TIMOTHY W. OMER,
        *Defendant-Appellee.*

No. 03-30544

D.C. No.
CR-03-00009-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
December 6, 2004—Seattle, Washington

Filed January 19, 2005

Before: Michael Daly Hawkins, Sidney R. Thomas, and
M. Margaret McKeown, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Michael J. Sherwood, Missoula, Montana, for the appellant.

Kris A. McLean, Assistant United States Attorney, Missoula, Montana, for the appellee.

---

**OPINION**

PER CURIAM:

Timothy Omer appeals from his jury trial conviction and sentence for bank fraud in violation of 18 U.S.C. § 1344(1). Omer contends that the district court erroneously denied his pretrial motion to dismiss in which he argued that the indictment was fatally deficient because the indictment failed to allege materiality of the fraud. We review the sufficiency of an indictment *de novo*, *United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001), and we reverse.

"[I]f properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). Omer's indictment fails to recite an essential element of the charged offense—materiality of falsehood. Therefore, because Omer properly challenged the sufficiency of the indictment prior to trial, the district court should have dismissed the indictment.

**[1]** The indictment does allege that Omer knowingly executed or attempted to execute a scheme or artifice to defraud specific financial institutions through a check kiting scheme. Prior to the Supreme Court's decision in *Neder v. United States*, 527 U.S. 1 (1999), the majority of circuit courts held

that a check kiting scheme, in and of itself, could support a conviction for bank fraud under 18 U.S.C. § 1344(1). *See, e.g.*, *United States v. LeDonne*, 21 F.3d 1418, 1426 (7th Cir. 1994) (collecting cases); *United States v. Sayan*, 968 F.2d 55, 61 n.7 (D.C. Cir. 1992) (same). In *Neder*, however, the Supreme Court held that "materiality of falsehood is an element" of § 1344(1). 527 U.S. at 25. The Supreme Court determined that the language of § 1344(1), which requires proof of any "scheme or artifice to defraud an institution," incorporates the well-settled common-law meaning of fraud and thus requires the prosecution to prove a misrepresentation or concealment of a material fact to support a conviction. *Id.* at 22-23. Thus, pursuant to *Neder*, materiality of the scheme is an essential element of bank fraud in violation of 18 U.S.C. § 1344(1). As such, materiality must be alleged in the indictment.

The government contends that our decision in *United States v. Woods*, 335 F.3d 993 (9th Cir. 2003), permits an indictment charging bank fraud to omit an allegation of materiality. The government misreads *Woods*. In *Woods*, we held that proof of a scheme or artifice to defraud does not require the proof of the making of any *specific* false statement. *Id.* at 998-99. However, *Woods* cannot be read for the proposition that *materiality* need not be alleged or proven. Rather, *Woods* analyzed the specificity required of the alleged misrepresentations. *Id.* Thus, we held that the jury instructions in *Woods* did not violate *Neder*, because, as a whole, they accurately included all elements of the offense and adequately informed the jury that materiality of falsehood is an element of fraud. *Id.* at 1000.

**[2]** Woods is relevant to Omer's contention that *Neder* requires the allegation of a material false statement as an essential element of the offense. We agree with the government that *Neder* does not go that far. It is the materiality of the scheme or artifice that must be alleged; the materiality of a specific statement need not be pleaded. As we noted in *Woods*, "the fraudulent nature of the 'scheme or artifice to

defraud' is measured by a non-technical standard." *Id.* at 998. "Thus, schemes are condemned which are contrary to public policy or which fail to measure up to the reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of members of society." *Id.* (quoting *United States v. Bohonus*, 628 F.2d 1167, 1171 (9th Cir. 1980)). *Neder* did not undermine this non-technical standard for measuring fraud, which does not require proof of a specific false statement. *Id.*

**[3]** In sum, the indictment's failure to recite an essential element of the charged offense, namely the materiality of the scheme or artifice to defraud, is a fatal flaw requiring dismissal of the indictment. Given this resolution of the appeal, it is unnecessary for us to decide any other issue urged by the parties.

**REVERSED.**