**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Louise Irene SCHEMENAUER,
Defendant—Appellant.**

No. 06–50333.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed June 26, 2007.

———

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra L. Lopez, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

Louise Irene Schemenauer appeals from her jury conviction for bringing an illegal alien to the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 (Count 1), and bringing an alien to the United States without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) (Count 2). Schemenauer denied knowing that there was an illegal alien hiding in the vehicle that she was driving. Over Schemenauer's standing objection, the government was allowed to introduce the evidence of Schemenauer's prior arrest for alien smuggling, for the purposes of showing knowledge.

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity" with that character. However, Rule 404(b) recognizes that such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).

■ Where, as here, the contested issue is knowledge, the government must "prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." *United States v. Mayans*, 17 F.3d 1174, 1181–82 (9th Cir. 1994). Schemenauer was apprehended in both instances at the port of entry with illegal aliens in her vehicle. On both occasions she acknowledged the involvement of Theresa Ahumada—an individual that Schemenauer in the past has acknowledged was a known alien smuggler. Under these facts, the evidence of Schemenauer's prior arrest was probative of knowledge under Rule 404(b).

■ However, the government went beyond the permitted use of the evidence. The government used the evidence of Schemenauer's prior arrest to show not only knowledge, but to repeatedly suggest that Schemenauer was a liar and was prone to lying about alien smuggling. In light of the government's improper use of the contested evidence, there was a signifi-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cant danger that the jury would draw an impermissible inference that, because Schemenauer engaged in alien smuggling in the past and allegedly lied about it, she would do so again.

We conclude that the evidence was excludable under both Rules 403 and 404(b) and thus reverse the conviction on Counts 1 and 2. The government's use of the evidence exceeded the permissible purposes under Rule 404(b) and, even if the district court's initial ruling on the evidence was correct, the actual use of the evidence was unduly prejudicial. *See United States v. Nelson,* 137 F.3d 1094, 1107 (9th Cir.1998) (noting that if the evidence meets the test under Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403").

■ The error was not harmless. The only seriously contested factual issue before the jury was knowledge—i.e., whether Schemenauer was aware of the illegal alien's presence in her vehicle. None of the government's witnesses provided testimony that had direct bearing on the issue of knowledge. The illegal alien found in Schemenauer's vehicle testified that she had never seen Schemenauer. The government relied almost exclusively on the evidence of Schemenauer's prior arrest to prove that she had the requisite knowledge, and then piggybacked on that evidence to argue that she was prone to lying about alien smuggling.

Under these circumstances, it was "more probable than not that the erroneous admission of the evidence ... affect[ed] the jury's verdict." *United States v. Hodges,* 770 F.2d 1475, 1480 (9th Cir. 1985).

■ Schemenauer raises several other issues on appeal. We briefly address only the indictment issue because it is likely to arise again on remand. Schemenauer argues that the indictment for Count 1 was insufficient because it failed to allege the additional intent element required for aiding and abetting. An indictment's failure to recite an essential element of the charged *offense* requires dismissal of the indictment. *United States v. Du Bo,* 186 F.3d 1177, 1179 (9th Cir.1999). However, as we have stated previously, aiding and abetting is a "theory of liability"—i.e., "a different means of committing a single crime, *not a separate offense itself." United States v. Garcia,* 400 F.3d 816, 820 (9th Cir.2005) (emphasis added). "Aiding and abetting is implied in every federal indictment for a substantive offense," even though the elements necessary to convict a defendant as a principal and as an aider and abetter are different. *United States v. Armstrong,* 909 F.2d 1238, 1241 (9th Cir.1990). Therefore, the failure to recite the specific intent element of aiding and abetting did not render Count 1 of the indictment insufficient.

**REVERSED AND REMANDED.**