UNITED STATES of America, Plaintiff–Appellee,

v.

Mauricio Jacobo DELGADO, aka Maurica Jacobo Delgado, Defendant–Appellant.

No. 06–50183.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed Feb. 7, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Roger W. Haines, Jr., Esq., Valerie Chu, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sylvia A. Baiz, Esq., San Diego, CA, for Defendant–Appellant.

Before: FERGUSON, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM ***

Defendant Mauricio Jacobo Delgado appeals his conviction and sentence following a jury trial for being a previously deported alien found in the United States, 8 U.S.C. § 1326. The indictment did not allege a violation of either subsection (a) or (b), but alleged that Delgado "who previously had been excluded, deported and removed from the United States to Mexico, was

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

found in the United States" without consent of the Attorney General or the Secretary of the Department of Homeland Security. Delgado objected pretrial to the indictment, asking for the court to limit the conviction to § 1326(a), with a maximum sentence of two years or to dismiss the indictment for failure to allege all of the elements of a § 1326(b) violation.

Noticeably absent from the indictment was any allegation that Delgado's deportation/removal was subsequent to an aggravated felony conviction, 8 U.S.C. § 1326(b)(2). However, after Delgado was convicted, the district court sentenced him under the provisions of § 1326(b)(2), because it found that Delgado was removed subsequent to his aggravated felony conviction. In a case decided after argument in this case, *United States v. Salazar–Lopez*, 506 F.3d 748 (9th Cir.2007), we held that an indictment alleging a violation of § 1326(b) must allege that the defendant was removed from the United States subsequent to his conviction of an aggravated felony. *Id.* at 751–52. However, in *Salazar–Lopez*, omission of this temporal relationship from the indictment was subject to a harmless error analysis because the defendant did not object to the indictment before trial. *Id.* at 753. The decision also found that the ruling in *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir.1999), is still valid law in this circuit. *Id.*

We know "that, if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *Du Bo*, 186 F.3d at 1179. Although the government claims that *Du*

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Bo* has been severely limited by subsequent cases, this court applied *Du Bo* in *United States v. Omer,* 395 F.3d 1087, 1088 (9th Cir.2005), *cert. denied,* —— U.S. ——, 127 S.Ct. 1118, 166 L.Ed.2d 906 (2007). Because Delgado timely objected to the indictment, *Du Bo* and the subsequent interpretations of it in *Omer* and *Salazar–Lopez* govern this case. It was error for the district court to deny the motion to dismiss.

**REVERSED AND REMANDED.**