**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Antonio AGUILA, Defendant–**
**Appellant.**

No. 06–50403.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2008.*

Filed May 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Roger W. Haines, Jr., Esq., Mary D. Fan, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven L. Barth, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM [**]

A jury convicted Jorge Antonio Aguila for bringing illegal aliens to the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 (Counts 1 and 3), and for bringing illegal aliens to the United States without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2 (Counts 2 and 4). On appeal, Aguila raises four issues. First, he argues that his conviction on Counts 1 and 3 should be reversed because there was insufficient evidence as to the financial gain element of § 1324(a)(2)(B)(ii). Second, he argues that his conviction on all counts should be reversed because the alleged crimes were never "completed" under *United States v. Ramirez–Martinez*, 273 F.3d 903, 912 (9th Cir.2001), *overruled by United States v. Lopez*, 484 F.3d 1186, 1192 (9th Cir.2007) (en banc). He next argues that the indictment did not allege the "specific intent" element of the aiding and abetting theory. Finally, he argues that the district court failed to instruct the jury on the "specific intent" element of the aiding and abetting theory.

The denial of a Rule 29 motion for acquittal is reviewed *de novo*, using the same test as that "when the challenge is to the sufficiency of the evidence." Fed. R.Crim.P. 29; *United States v. Bahena–Cardenas*, 70 F.3d 1071 (9th Cir.1995).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

For questions of admissibility of evidence, to reverse on the basis of an erroneous evidentiary ruling, we must conclude both that the court abused its discretion and that the error was prejudicial. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003).

■ At trial, the district court overruled Aguila's hearsay and foundation objections to the testimony of the two women found in his truck. With respect to Counts 1 and 3, Aguila now reiterates these objections, arguing that no foundation was laid for the personal knowledge of the financial arrangements associated with either of the two women being smuggled into the United States.

We conclude that there was adequate foundation as to the women's testimony and the district court did not abuse its discretion in admitting the testimony. Both women understood that there would be payment for their transport, and both had identified Aguila as the individual who was present at every stage of the smuggling operation. *See* Fed.R.Evid. 602 (before testifying to a matter, evidence must be introduced that a witness has personal knowledge of that matter).

Accordingly, there was sufficient evidence to prove the financial gain element of § 1324(a)(2)(B)(ii). *See United States v. Schemenauer*, 394 F.3d 746, 751 (9th Cir. 2005) (noting that "[t]he statute does not require evidence of an actual payment or even an agreement to pay" and upholding conviction because "the evidence was more than sufficient for a rational jury to conclude beyond a reasonable doubt that [defendant] committed the offense for the purpose of private financial gain" (quoting *United States v. Angwin*, 271 F.3d 786, 805 (9th Cir.2001))).

Aguila's second claim is foreclosed by our recent en banc decision that overruled *Ramirez–Martinez*, the case upon which

Aguila relies. *See Lopez*, 484 F.3d at 1192 (rejecting the "immediate destination" test and holding that each element of the "bringing to" offense has occurred "as soon as the undocumented alien is brought 'to' the United States—as soon as the alien reaches or crosses the border."). It does not matter, then, that Aguila and the women hidden in the compartment of his truck were stopped and detained at the secondary inspection station because at that point they had already "reache[d]" the border.

We also reject Aguila's claim about the purported failures in the indictment to allege the "specific intent" element of the aiding and abetting theory of liability with respect to Counts 1 and 3, which alleged violations of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. Sufficiency of an indictment is reviewed *de novo*. *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004).

■ Aguila is correct that an indictment's failure to recite an essential element of the charged *offense* requires dismissal of the indictment. *United States v. Du Bo*, 186 F.3d 1177, 1179–80 (9th Cir. 1999). However, aiding and abetting is a "theory of liability"—i.e., "a different means of committing a single crime, *not a separate offense itself*." *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir.2005) (emphasis added). "Section 2 does not define a *substantive offense*, but rather describes the kinds of individuals who can be held responsible for a crime; it defines the degree of criminal responsibility which will be attributed to a particular individual." *United States v. Armstrong*, 909 F.2d 1238, 1243 (9th Cir.1990) (internal quotation marks omitted) (emphasis added). As such, Aguila's reliance on *United States v. Hill*, 279 F.3d 731 (9th Cir.2002), is misplaced, since in *Hill* we stated that "[i]f an element is necessary to convict, it is also

necessary to indict, because elements *of a crime* do not change as criminal proceedings progress." *Id.* at 741. *See also Garcia,* 400 F.3d at 820 (reaffirming the principle that aiding and abetting is "implied in every federal indictment for a substantive offense").

■ Because Aguila did not properly raise his objection to the jury instructions at trial, we review for plain error and find none. A party who wishes to object to any portion of the jury instructions must "inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Fed.R.Crim.P. 30. Failure to do so precludes appellate review. *Id.*; *See also United States v. Kessi,* 868 F.2d 1097, 1102 (9th Cir.1989). Despite his stated intention to raise objections later, the defense counsel made no such objections. Aguila's mere proposal of an alternative instruction was insufficient to preserve his objection under the "pointless formality" exception. *See Kessi,* 868 F.2d at 1102. As in *Armstrong,* which also involved a challenge to aiding and abetting instructions, under the plain error standard, an aiding and abetting instruction "is sufficient if it includes the statutory language and states that someone must have committed the crime charged." 909 F.2d at 1244 (citations omitted).

**AFFIRMED.**