**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50547 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00427-IEG-1 |
| v. | |
| MANUEL LOMA-TORRES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted December 10, 2010
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Manuel Loma-Torres appeals his conviction and sentence for illegal reentry

after removal in violation of 8 U.S.C. § 1326(b).  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Deputy Garcia's initial stop of Loma-Torres was supported by a reasonable suspicion that Loma-Torres was in the country illegally. Loma-Torres was thoroughly muddy and looked as though he had been walking through the fields, it was raining and there were no field workers or vehicles around, and the area was highly trafficked by illegal aliens. See United States v. Lopez-Soto, 205 F.3d 1101, 1105 (9th Cir. 2000) (reasonable suspicion exists if "specific, articulable facts . . . together with objective and reasonable inferences" suggest that an individual is engaged in criminal activity (internal quotation marks omitted)).

Loma-Torres also argues that the officers lacked probable cause to arrest him and, as a result, that everything the officers learned about him should have been suppressed. This argument is without merit; evidence of identity is not subject to suppression, even if the arrest was illegal. United States v. Orozco-Rico, 589 F.2d 433, 435 (9th Cir. 1978). The same is true for an official file that officers discover merely as a result of the suspect's identity. Id.

The introduction of documents from Loma-Torres's "A-file" did not violate the Confrontation Clause. United States v. Orozco-Acosta, 607 F.3d 1156, 1163-64 (9th Cir. 2010). The documents were admissible under the public records exception to the rule against hearsay because they were routine, objective

recordings of Loma-Torres's contact with the agency. Fed. R. Evid. 803(8); United States v. Hernandez-Herrera, 273 F.3d 1213, 1217-18 (9th Cir. 2001).

Sufficient evidence supported the jury's finding that Loma-Torres was not a U.S. citizen. Loma-Torres admitted to Deputy Garcia that he was walking from Mexico, and Loma-Torres had previously attested under oath that he was a Mexican citizen. A rational trier of fact could have found beyond a reasonable doubt that Loma-Torres was an alien. See United States v. Galindo-Gallegos, 244 F.3d 728, 732 (9th Cir. 2001).

The district court increased Loma-Torres's statutory maximum sentence based on a prior conviction. The indictment alleged that Loma-Torres had been removed "subsequent to December 6, 2006," and the government put on evidence at trial that Loma-Torres had in fact been removed in January 2008. Loma-Torres argues, however, that (1) because the government also introduced evidence of a removal in March 2006 -- before the date alleged in the indictment -- his sentence constitutes error under Apprendi v. New Jersey, 530 U.S. 466 (2000), and (2) the error is structural under United States v. Du Bo, 186 F.3d 1177 (9th Cir. 1999).

These arguments fail because the indictment was facially valid. The indictment contained all the material elements of a violation of 8 U.S.C. § 1326(b), including a date of removal. The proof introduced at trial was certainly more

complete than the facts alleged in the indictment, as the government introduced evidence of more than one removal, but the additional evidence did not invalidate the indictment. No constructive amendment occurred because there was no "complex of facts [presented at trial] distinctly different from those set forth in the charging instrument," nor was the crime charged in the indictment "substantially altered at trial." United States v. Shipsey, 363 F.3d 962, 974 (9th Cir. 2004) (quotation omitted) (alteration in original). Further, there was no variance; the facts offered at trial were not "materially different" from those alleged in the indictment. Id. Finally, even if the court committed error by allowing the introduction of the earlier removal, any such error would be harmless. Both removals considered by the jury occurred long after Loma-Torres's 1993 conviction. See Jones v. Smith, 231 F.3d 1227, 1232 (9th Cir. 2000) (variances are subject to harmless error analysis).

AFFIRMED.