**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

L JOYCE TATSEY SPOONHUNTER,

Defendant - Appellant.

No. 13-30236

D.C. No. 4:13-cr-00020-DLC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted October 7, 2014[**]
Portland, Oregon

Before:  KOZINSKI, FERNANDEZ, and FISHER, Circuit Judges.

   Joyce Tatsey Spoonhunter appeals her conviction on three counts of wire

fraud.  See 18 U.S.C. § 1343.  We affirm.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Spoonhunter asserts that the evidence was insufficient to support the guilty verdict. We disagree. As relevant here, the elements of wire fraud are: "the existence of a scheme to defraud . . . and . . . specific intent to defraud." United States v. Pelisamen, 641 F.3d 399, 409 (9th Cir. 2011); see also Carpenter v. United States, 484 U.S. 19, 27, 108 S. Ct. 316, 321, 98 L. Ed. 2d 275 (1987). Spoonhunter directly attacks sufficiency as to the first of these elements and indirectly attacks sufficiency as to the second. See United States v. Bohonus, 628 F.2d 1167, 1172 (9th Cir. 1980). Our careful review of the record reveals that as to each charge, "after viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); see also United States v. Nevils, 598 F.3d 1158, 1163–67 (9th Cir. 2010) (en banc). A rational trier of fact of fact could conclude beyond a reasonable doubt that Spoonhunter concocted a scheme that induced her victims to send her money with the understanding that she would thereupon use the funds to secure them spaces at the North American Indian Days celebration, but that she, in fact, intended to and did keep the funds. See United States v. Sullivan, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam); United States v. Omer, 395 F.3d 1087, 1089 (9th Cir. 2005) (per curiam); United States v. Woods,

335 F.3d 993, 998–99 (9th Cir. 2003); see also United States v. Treadwell, 593 F.3d 990, 996 (9th Cir. 2010).  Spoonhunter's reliance on the proposition that mere nondisclosure cannot suffice for a fraud conviction is misplaced because the record shows she affirmatively represented to all three victims that she would reserve their spots and that, in reliance on her representations, the victims wired her funds.  Cf. United States v. Dowling, 739 F.2d 1445, 1449 (9th Cir. 1984).

AFFIRMED.