**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30224 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00090-SPW-1 |
| v. | |
| MEREDITH MCCONNELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted May 11, 2023
Seattle, Washington

Before:  TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Meredith McConnell was the chairwoman of the board of the Montana

Native Women's Coalition (MNWC), a federally funded organization that combats

threats of domestic and sexual violence against Native women.  She was convicted

of theft from a program receiving federal funds in violation of 18 U.S.C. §

666(a)(1)(A), (a)(2); wire fraud in violation of § 1343; and false claims in violation

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of § 287.  McConnell appeals her conviction and the district court's order of restitution, and we affirm.  As the parties are familiar with the facts of this case, we do not repeat them here.

1.  The district court did not abuse its discretion nor deny McConnell due process by admitting evidence of a prior MNWC executive director's prosecution for similar, but unrelated, prior conduct.  McConnell and other board members attended a special training regarding the proper administration of federal program monies where they discussed the former executive director's conduct and how it amounted to the improper use of MNWC funds.  Accordingly, evidence of the prior prosecution and this training was admissible for the purposes of proving McConnell acted with knowledge and intent to defraud when she engaged in similar misconduct and for the purposes of proving the absence of any mistake or accident.  *See* Fed. R. Evid. 401, 404(b)(2).  The district court carefully balanced the risk of "unfair prejudice" that admission of this evidence might pose and ultimately found that its probative value was not "substantially outweighed" by that risk.  Fed. R. Evid. 403.  Moreover, the government's closing argument mitigated the prejudicial effect of the evidence by making it clear to the jury that there was "no link between Ms. McConnell and the" former executive director's "criminal activity."

The district court's Rule 403 balancing is entitled to "considerable

deference," and we see no abuse of discretion in the admission of the challenged evidence. *United States v. Bussell*, 414 F.3d 1048, 1059 (9th Cir. 2005) (citation omitted).

2. The district court properly declined to dismiss the wire fraud count of the superseding indictment. McConnell's argument that the superseding indictment should have alleged "the materiality of the scheme" to defraud instead of alleging a "material scheme" to defraud lacks merit. "[C]hallenges to minor or technical deficiencies, even where the errors are related to an element of the offense charged and even where the challenges are timely, are amenable to harmless error review." *United States v. Du Bo*, 186 F.3d 1177, 1180 (9th Cir. 1999). McConnell cannot establish any harm to her substantial rights because the superseding indictment "fairly inform[ed]" her "of the charge against which [s]he must defend," *United States v. Ross*, 206 F.3d 896, 899 (9th Cir. 2000) (citation omitted), and she does not dispute that the petit jury was properly instructed on the element of materiality, *see United States v. Leveque*, 283 F.3d 1098, 1104 (9th Cir. 2002); *see also United States v. Salazar-Lopez*, 506 F.3d 748, 754-56 (9th Cir. 2007) (explaining overwhelming evidence and proper instructions before the petit jury can rectify minor errors before the grand jury). Nor was the superseding indictment required to allege specific false statements or omissions. *See United States v. Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005) (per curiam).

3

3. The district court's instruction on good faith was not plain error. McConnell argues for the first time on appeal that Instruction 36 reduced the government's burden of proof and required the jury to convict even if it concluded that McConnell had acted in good faith. The relevant portion of Instruction 36 reads: "While an honest, good-faith belief in the truth of the scheme to defraud may negate an intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all." The instruction is a near-verbatim quote from *United States v. Spangler*, 810 F.3d 702, 708 (9th Cir. 2016) ("While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all." (citation omitted)). The district court's minor alteration was not plain error. Rather, the instruction adequately informed the jury that McConnell's good-faith belief in the veracity of her actions could negate an intent to defraud. By its verdict, the jury disbelieved her good-faith defense.

4. Because McConnell has failed to demonstrate a single instance of error, she cannot show that her trial suffered from cumulative errors. *Id.* at 711.

5. The district court did not err in calculating and imposing restitution. First, the district court properly shifted the burden of production to McConnell to substantiate her request for an $18,253 reduction after the government adequately established the total loss amount by a preponderance of the evidence. 18 U.S.C. §

4

3664(e); *cf. CFPB v. CashCall, Inc.*, 35 F.4th 734, 751 (9th Cir. 2022) (discussing burden shifting in other restitution contexts). Second, the record unequivocally reflects that the district court found that the total loss was $37,149.88 and that the restitution sum owed by McConnell was $29,114.14. Thus, the district court understood the distinction between total loss and restitution. Third, the district court was not obliged to order that she make only nominal payments based on her ability to pay. *See* 18 U.S.C. § 3664(f). Moreover, given that McConnell failed to object to the restitution award on these grounds at sentencing, we cannot conclude that the district court's consideration of her economic circumstances constituted plain error. Finally, contrary to McConnell's suggestion, the district court did apportion liability among her codefendants, although it was not obliged to do so. *See United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002) (citing 18 U.S.C. § 3664(h)).

**AFFIRMED.**