**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Baltazar PERNILLO–FUENTES, Defendant–Appellant.**

**No. 00–50524.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2001*

Filed May 29, 2001

---

* The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Shereen Charlick, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Lupe C. Rodriguez, Jr., Office of the United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: RYMER, HAWKINS, and GOULD, Circuit Judges.

RONALD M. GOULD, Circuit Judge:

Baltazar Pernillo–Fuentes appeals his conviction and thirty-month sentence for attempted entry following deportation in violation of 8 U.S.C. § 1326. We reverse.

On February 16, 2000, the grand jury returned a one-count indictment in which it charged Pernillo–Fuentes as follows:

On or about November 20, 1999, within the Southern District of California, defendant BALTAZAR PERNILLO–

FUENTES, an alien, who previously had been excluded, deported and removed from the United States to Guatemala, attempted to enter the United States at the Tecate Port of Entry, without the Attorney General of the United States having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

Pernillo–Fuentes timely moved to dismiss the indictment on various grounds, including that the "indictment fail[ed] to allege the specific intent required in 'attempt' crimes." The district court denied the motion.

On April 7, 2000, Pernillo–Fuentes entered a conditional guilty plea in which he preserved his right to appeal the denial of his motion to dismiss the indictment. The district court sentenced Pernillo–Fuentes to a term of thirty months imprisonment followed by a three-year term of supervised release. This timely appeal followed.

■■■ Citing our recent decision in *United States v. Gracidas–Ulibarry*, 231 F.3d 1188 (9th Cir.2000) (en banc), Pernillo–Fuentes asserts that his indictment was defective because it failed to allege specific intent. We review the sufficiency of an indictment de novo, *United States v. Tobias*, 863 F.2d 685, 687 (9th Cir.1988), and agree with Pernillo–Fuentes.

■■■ In *Gracidas–Ulibarry*, an en banc panel of this court held that "the crime of attempted illegal reentry into the United States includes the common law element of specific intent." 231 F.3d at 1190. The Supreme Court has held that one of the protections an indictment is intended to guarantee is measured by "whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the de-

fendant of what he must be prepared to meet...." *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) (internal quotation marks and citation omitted). In turn, we have held that "the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir.1985). An indictment's failure to "recite an essential element of the charged offense is not a minor or technical flaw ... but a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir.1999).

Because Pernillo–Fuentes' indictment charging attempted entry did not allege specific intent as required under *Gracidas–Ulibarry*, we reverse his conviction.[1] The district court should dismiss the indictment on remand.

**REVERSED.**

---

1. In light of this disposition, there is no need to reach other issues raised on appeal.