**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Erica Ann LUGO, Defendant— Appellant.**

**No. 01–50070.**

**D.C. No. CR–00–01933–NAJ.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided May 15, 2002.

Before GOODWIN, WALLACE and THOMAS, Circuit Judges.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Lugo appeals from the judgment entered by the district court following her conviction by a jury of violations of 21 U.S.C. §§ 841(a)(1), 952, and 960(b), for possession with intent to distribute and knowing and intentional importation of 42.5 kilograms of marijuana. The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Lugo first argues that 21 U.S.C. §§ 841 and 960 are unconstitutional under *Apprendi* because they classify drug quantity and drug type as facts relevant to sentencing rather than as elements of the crime. The constitutionality of a federal statute is a question of law reviewed de novo. *United States v. Jones*, 231 F.3d 508, 513 (9th Cir.2000).

A recent Ninth Circuit en banc decision explicitly held 21 U.S.C. § 841 to be facially constitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Buckland*, 277 F.3d 1173, 1177 (9th Cir. 2002) (en banc). Another recent Ninth Circuit decision applied the *Buckland* decision to 21 U.S.C. § 960(b) and held that statute facially constitutional under *Apprendi*. *United States v. Carranza*, 289 F.3d 634 (9th Cir.2002). Therefore, Lugo's constitutional claims have already been decided against her.

Lugo's as-applied challenge to the constitutionality of sections 841 and 960 also fails because Lugo was never exposed to a sentence beyond the statutory maximum for the smallest quantity of drugs. Lugo was sentenced to twenty-one months, which is less than the statutory maximum of sixty months provided by sections 841(b)(1)(D) and 960(b)(4) for offenses involving less than fifty kilograms of marijuana. *See* 21 U.S.C. §§ 841(b)(1)(D) & 960(b)(4).

Lugo also argues that her Fifth and Sixth Amendment rights to have every element presented to the trier of fact and the grand jury were violated by (1) the Government's failure to include *mens rea* terms as to drug quantity and type in the indictment, and (2) the court's failure to instruct the jury regarding the *mens rea* requirements as to drug quantity and type. The sufficiency of an indictment is reviewed de novo. *United States v. Pernillo–Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001) (citing *United States v. Tobias*, 863 F.2d 685, 687 (9th Cir.1988)). " 'Whether a jury instruction misstates elements of a statutory crime is a question of law reviewed de novo.' " *United States v. Romo–Romo*, 246 F.3d 1272, 1274 (9th Cir. 2001) (quoting *United States v. Johnson*, 956 F.2d 197, 199 (9th Cir.1992)).

"A defendant charged with importing or possessing a drug is not required to know the type and amount of drug," and *Apprendi* did not change this. *Carranza*, 289 F.3d at 643. Therefore, the indictment was sufficient, and the jury instructions were proper.

Finally, Lugo argues that there was insufficient evidence of an importation to support her conviction under section 960 because there was no "entry" of the contraband into the United States as she claims is required by 21 U.S.C. §§ 952 and 960 and defined by 21 U.S.C. § 951. She asserts that the district court therefore improperly denied her motion for a judgment of acquittal. We review de novo the district court's construction or interpretation of a statute. *See United States v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Doe,* 136 F.3d 631, 634 (9th Cir.1998). The short answer is that the special meaning of the term "entry" in the immigration context does not apply to drug smuggling. *See Carranza,* 289 F.3d at 643.

Other issues raised were considered, and we hold them to be without merit. AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.