**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Roberto CARBAJAL, aka Carlos Ramirez–Hernandez, Defendant—Appellant.**

**No. 01–50478.**
**D.C. No. CR–01–00030–TJW.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Aug. 5, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Roberto Carbajal, federal prisoner, appeals his conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, applying de novo review, we reverse and remand with instruction to dismiss the indictment without prejudice. *See United States v. Benny*, 786 F.2d 1410, 1414 (9th Cir.1986) (noting that the sufficiency of an indictment is reviewed de novo). Because the parties are familiar with the factual and procedural history of this case, we do not repeat it here except as is necessary to explain our decision.

In *U.S. v. Pernillo–Fuentes*, 252 F.3d 1030 (9th Cir.2001), we held that in an indictment for attempted entry in violation of 8 U.S.C. § 1326, failure to allege specific

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

intent is "a fatal flaw requiring dismissal of the indictment." *Pernillo–Fuentes*, 252 F.3d at 1032. This holding controls the instant appeal. It is undisputed that the indictment on which Carbajal was tried did not allege specific intent. As such, the only appropriate disposition in this case is reversal of Carbajal's conviction with instruction to the district court to dismiss the indictment on remand.

The government raises a number of arguments against reversal, none of which is persuasive. These arguments generally suggest that the error in the indictment should be ignored because it did not prejudice Carbajal in any way. In support of this general "no prejudice" claim, the government points out that the jury was correctly instructed on specific intent, and that the indictment sufficiently met its statutory and judicially recognized purpose of putting Carbajal on notice of the charges against him.

Had Carbajal not timely objected to the indictment prior to trial, the government's "no prejudice" argument would have merit. Indeed, with its recent decision in *United States v. Cotton,* —— U.S. ——, ——, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (May 20, 2002), the Supreme Court made clear that failure to allege an essential element in the indictment, if not objected to at trial, will require reversal only if the failure amounts to plain error. However, where, as here, a party makes a timely objection to the indictment before the trial court, not only is plain error inapplicable, even harmless error review is inapplicable. *See Pernillo–Fuentes*, 252 F.3d at 1032.[1] Thus, *Cotton* and other harmless/plain error cases are inapposite to this appeal, and the government's arguments regarding prejudice are irrelevant.[2] Carbajal's conviction is REVERSED. We REMAND with instruction to dismiss the indictment without prejudice.[3]

SILVERMAN, Circuit Judge, concurring.

1. Although *Pernillo–Fuentes* never mentioned harmless error, that harmless error is inapplicable to element omissions is clear from the principal case relied upon in *Pernillo–Fuentes*. In stating that failure to allege specific intent is a fatal flaw in the indictment, *Pernillo–Fuentes* cited to *United States v. Du Bo,* 186 F.3d 1177 (9th Cir.1999). *Du Bo* held that failure to allege an essential element in the indictment "is not amenable to harmless error review." *Du Bo,* 186 F.3d at 1180. With *Pernillo–Fuentes'* holding that specific intent is an essential element, and *Du Bo's* holding that failure to allege an essential element cannot be saved by harmless error, it is clear that failure to allege specific intent always requires reversal, regardless of prejudice.

2. *United States v. Gracidas–Ulibarry,* 231 F.3d 1188 (9th Cir.2000) (en banc), is not to the contrary. In *Gracidas–Ulibarry,* the defendant argued that specific intent was an element of the attempt prong of 8 U.S.C. § 1326, and thus that he was entitled to a jury instruction that would have allowed the jury to convict only if it found that he specifically intend-

ed to enter the United States. *See id.* at 1190. The en banc court agreed that specific intent is an element of the attempt prong of 8 U.S.C. § 1326. *See id.* However, the en banc court nonetheless affirmed the conviction on the ground that any error in not giving the instruction was harmless. *See id.* at 1198. According to the government, this establishes that harmless error review applies to cases in which the government fails to allege specific intent in the indictment.

The government's argument is without merit. The issue of whether the government appropriately alleged specific intent in the indictment was never raised in *Gracidas–Ulibarry.* The only issue discussed was the district court's failure to adequately instruct the jury. On the other hand, *Pernillo–Fuentes,* in conjunction with *Du Bo,* expressly provides that failure to allege specific intent is a fatal flaw that requires dismissal of the indictment without reference to prejudice.

3. Given our disposition, we need not reach the other issues raised on appeal. *See Pernillo–Fuentes,* 252 F.3d at 1032 n. 1 (noting that

This cockamamie result is compelled by *United States v. Du Bo*, 186 F.3d 1177 (9th Cir.1999).

Never mind that the defendant knew that specific intent was an element of the offense. Never mind that the jury was instructed that specific intent is an element of the crime. Never mind that a properly instructed jury found all the elements of the crime—including intent—beyond a reasonable doubt. Never mind that the evidence conclusively supported the verdict. Notwithstanding all of the above, we are compelled to reverse the result of an errorless trial solely because the indictment failed to allege that the defendant, in *attempting* to enter the United States unlawfully, *intended* to do so. This makes no sense.

While it is true that the defendant had the right to have a grand jury decide, in the first instance, whether there was probable cause to believe that he had the requisite specific intent, it is also true that the *trial* jury found the requisite specific intent *beyond a reasonable doubt*. There is no claim that the defendant was surprised to learn that intent was an element of the crime, or that the jury was improperly instructed, or that the evidence was insufficient, or that the defendant suffered any prejudice in any way whatsoever. The error was entirely harmless, and the defendant doesn't claim otherwise. But that is not enough under *Du Bo*, which holds that harmless error analysis is unavailable in these circumstances. So long as objection had been made, reversal is required per se, no matter that the error may have been cured, or that it caused no harm.

The reasoning of *Du Bo* is seriously undermined by *United States v. Cotton*, —— U.S. ——, 122 S.Ct. 1781, 152 L.Ed.2d 860 (May 20, 2002), which holds that the omission from an indictment of a necessary element of an offense does not affect the fairness of the justice system when overwhelming and uncontroverted evidence of that element is presented at trial—*even where the element was not submitted to the jury*. However, *Cotton* does not directly overrule *Du Bo* because in *Cotton*, where there had been no objection, the Court held only that there was no plain error.

It simply makes no sense to apply a harmless error analysis to the admission of confessions, *Arizona v. Fulminante*, 499 U.S. 279, 295, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), to prosecutorial misconduct, *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000), to error in jury instructions, *Neder v. U.S.*, 527 U.S. 1, 19–20, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), to error in guilty plea colloquies, *United States v. King*, 257 F.3d 1013, 1021 (9th Cir.2001), to Confrontation Clause violations, *United States v. Gillam*, 167 F.3d 1273, 1277 (9th Cir.1999)—indeed, to a whole host of procedural, evidentiary and constitutional errors—but not to a demonstrably inconsequential defect in an indictment.

The defendant's motion to dismiss the indictment should have been granted. It wasn't. Fortunately, the district court's error caused no harm. Nevertheless, the indictment will now be dismissed, and the defendant will be subject to re-indictment and re-trial, even though his first trial was flawless. This is precisely the type of situation for which the harmless error rule was invented.

reversal of a conviction for failure to allege an essential element in the indictment renders unnecessary the discussion of other issues raised on appeal).