**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Lasaro RAMIREZ, Defendant—**
**Appellant.**

**No. 00–50391.**

**D.C. No. CR–00–00545–BTM.**

United States Court of Appeals,
Ninth Circuit.

Argued April 6, 2001.

Submission Deferred March 23, 2001.

Decided Aug. 12, 2002.

Before BOOCHEVER and SILVERMAN, Circuit Judges, and GEORGE, District Judge.*

MEMORANDUM **

Lasaro Ramirez pled guilty to one count of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. At sentencing, Ramirez moved to dismiss the indictment in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied the motion and sentenced Ramirez to 24 months in prison and three years of supervised release. Ramirez appeals, and we affirm.

We review the sufficiency of an indictment de novo. *United States v. Pernillo–Fuentes,* 252 F.3d 1030, 1032 (9th Cir. 2001). Ramirez argues that the district court should have dismissed the indictment because the drug statutes under which he was indicted, 21 U.S.C. §§ 952 and 960, are unconstitutional under *Apprendi.* That argument, however, is foreclosed by our recent decisions in *United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc), and *United States v. Mendoza–Paz,* 286 F.3d 1104 (9th Cir.2002).

Ramirez also argues that, under *Apprendi,* the government was required to charge in the indictment, as a material element of the offense, his knowledge of the specific type and quantity of drugs. We recently held in *United States v. Carranza,* 289 F.3d 634 (9th Cir.2002), that "*Apprendi* did not change the long-established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed *some* controlled substance." Id. at 644. (emphasis in original). Thus, under *Carranza,* as long as the defendant knew he possessed an illegal drug, knowledge of the specific type and quantity is not material. Even assuming, however, that the government was required to allege in the indictment Ramirez's knowledge of the type and

---

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

quantity of drugs, we conclude that it did so here. The indictment stated that "defendant LASARO RAMIREZ did knowingly and intentionally import approximately 56.75 kilograms (approximately 124.85 pounds) of marijuana ... into the United States."

Finally, Ramirez argues that his indictment should have been dismissed because the grand jury did not consider whether he knew the amount and quantity of drugs involved. Ramirez offers no evidence indicating what the grand jury considered; he merely speculates that, because knowledge of drug quantity and amount were not considered material elements of the offense at the time he was indicted, the grand jury could not have considered these factors. As discussed above, under *Carranza*, knowledge of the specific type and quantity of drugs is not material. The indictment issued by the grand jury correctly set out the material elements of the offense.

**AFFIRMED.**