**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

      v.

OSCAR JAVIER GARCIA-HERNANDEZ,
              *Defendant-Appellant.*

No. 08-50190

D.C. No.
3:07-cr-02383-L-1

OPINION

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted February 10, 2009*
Pasadena, California

Filed June 25, 2009

Before: Andrew J. Kleinfeld, Carlos T. Bea, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Devin J. Burstein, San Diego, California, for the defendant-appellant.

Aaron B. Clark, San Diego, California, for the plaintiff-appellee.

**OPINION**

IKUTA, Circuit Judge:

Oscar Javier Garcia-Hernandez appeals his conviction for illegal reentry under 18 U.S.C. § 1326, which provides an enhanced maximum sentence for an alien who was removed from the United States after being convicted of a felony. Garcia argues that the indictment was legally insufficient to support his enhanced sentence and that the district court should have suppressed his post-arrest confession of alienage. We disagree, and we affirm his conviction.

I

On April 29, 2003, Garcia pleaded guilty to making false statements to federal officers in violation of 18 U.S.C. § 1001, a felony. In the course of his plea colloquy, Garcia admitted that he was a citizen of Mexico and that he had illegally entered the United States. On June 28, 2007, he was removed from the United States.

Four days later, at approximately 4 a.m. on July 2, 2007, Garcia was apprehended by border patrol officers in the desert, on the United States side of the Calexico port of entry. He was taken into custody and transported to the El Centro border patrol station. It was an unusually busy day for the El Centro station; agents apprehended nearly five times as many

people as they would have on an average day. At approximately 9 a.m., a border patrol officer ran a records check, and determined that Garcia had previously been deported. Due to the number of apprehensions by border patrol officers that day, Garcia was not administratively processed until around 5 p.m., a process that generally takes several hours. At 6 p.m., an officer advised Garcia of his procedural rights under the immigration regulations. At 11:43 p.m., after reviewing Garcia's file, a supervisor determined that Garcia was subject to criminal prosecution. Officers then told Garcia that his administrative procedural rights no longer applied and informed him of his Miranda rights. Garcia then admitted to being a citizen of Mexico. He was arraigned before a magistrate judge the next day.

On August 29, 2007, a grand jury indicted Garcia for illegal reentry under 8 U.S.C. § 1326(a) and (b).[1] The indictment alleged:

---

[1]These subsections provide, in relevant part:

(a) In general

Subject to subsection (b) of this section, any alien who—

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under title 18, United States Code, or imprisoned not more than 2 years, or both.

(b) Criminal penalties for reentry of certain removed aliens

On or about July 2, 2007, within the Southern District of California, defendant OSCAR JAVIER GARCIA-HERNANDEZ, an alien, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States without the express consent of the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, after having been previously excluded, deported and removed from the United States to Mexico, and not having obtained said express consent to reapply for admission thereto; and committed an overt act to wit, crossing the border from Mexico into the United States, that was a substantial step toward committing the offense; all in violation of Title 8, United States Code, Sections 1326(a) and (b).

It is further alleged that defendant OSCAR JAVIER GARCIA-HERNANDEZ was removed from the United States subsequent to April 29, 2003.

Garcia timely moved to dismiss the indictment on the ground that it failed to allege all the elements of the charged offense. The district court denied the motion in an oral decision.

Garcia was convicted of violating § 1326 following a bench trial. In its decision, the district court denied Garcia's motion

---

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both.

to suppress the statements he made to the border patrol officers, holding that they were voluntary and the delay between Garcia's arrest and arraignment was reasonable. The district court also held that the government proved all the elements required for a violation of § 1326(a) and (b) beyond a reasonable doubt, including that Garcia had been removed from the United States after being convicted of a felony and that he had knowingly reentered after his removal. The district court sentenced Garcia to 12 months in prison and 36 months of supervised release. Garcia timely appeals.

## II

Garcia makes two arguments on appeal. First, he argues that the indictment was legally insufficient to support his conviction under 8 U.S.C. § 1326(b). Second, Garcia argues that his statement to border patrol officers, in which he admitted his alienage, should be suppressed because he was detained for an unnecessarily long time before being arraigned.

## A

**[1]** We review the sufficiency of an indictment de novo. *See United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001). "An indictment must set forth each element of the crime that it charges." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998). Section 1326(a) provides for up to two years' imprisonment for an alien who "(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States," with exceptions for aliens who reenter with the express permission of the Attorney General. 8 U.S.C. § 1326(a). Section 1326(b) provides for an increased penalty of up to ten years' imprisonment for an alien "whose removal was subsequent to a conviction for . . . a felony." 8 U.S.C. § 1326(b).

**[2]** Garcia argues that his indictment did not set forth every element of a violation of § 1326(b) because it did not allege that his "removal was subsequent to a conviction for . . . a felony." Specifically, he argues that "the indictment wholly fails to allege that the April 29, 2003 date corresponds to a qualifying conviction." This argument fails. In *Almendarez-Torres*, the Supreme Court held that § 1326(b) is a penalty provision "which simply authorizes a court to increase the sentence for a recidivist" and does not define a separate crime. 523 U.S. at 226. For this reason, "neither the statute nor the Constitution" requires the government to charge the fact of a prior conviction in the indictment. *Id.* at 226-27. Instead, the district court can find the fact and date of a prior conviction at sentencing. *Id.* at 235; *United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007) (en banc). Accordingly, an indictment is sufficient to support an enhanced sentence under § 1326(b) if it contains enough information to allow the district court to establish at sentencing that the alien's removal occurred after the qualifying conviction. *See Mendoza-Zaragoza v. Holder*, No. 08-30130, ___ F.3d ___, 2009 WL 1459242, *5 (9th Cir. May 27, 2009).

**[3]** This requirement is satisfied here. The indictment stated that "defendant OSCAR JAVIER GARCIA-HERNANDEZ was removed from the United States subsequent to April 29, 2003." The district court determined at sentencing that Garcia was convicted on April 29, 2003. Because the indictment provided the information necessary for the district court to conclude that Garcia was removed after the date of his conviction, it is sufficient to support Garcia's conviction under § 1326(a) and enhanced sentence under § 1326(b).

B

Garcia also argues that his July 2, 2007 post-arrest statements to the border patrol officers regarding his alienage must be suppressed because they were obtained in violation of his right to prompt presentment before a magistrate judge.

**[4]** Our consideration of Garcia's claim requires us to review the history of the prompt-presentment requirement, which the Supreme Court recently addressed in *Corley v. United States*, 129 S. Ct. 1558 (2009). As explained in *Corley*, the obligation of an officer to present an arrestee before a magistrate judge without unreasonable delay was a common law right that was subsequently codified in a number of federal statutes. *See* 129 S. Ct. at 1562. In the exercise of its "[j]udicial supervision of the administration of criminal justice in the federal courts," the Supreme Court held in *McNabb v. United States*, 318 U.S. 332, 340 (1943), that federal courts should enforce this prompt-presentment requirement by suppressing a defendant's confession if it was made "after an unreasonable delay in bringing him before a judge." *Corley*, 129 S. Ct. at 1562. The *McNabb* Court explained that such a "procedural requirement checks resort to those reprehensible practices known as the 'third degree,' which, though universally rejected as indefensible, still find their way into use." *McNabb*, 318 U.S. at 344.[2]

**[5]** Three years after McNabb, Rule 5(a) of the Federal Rules of Criminal Procedure was promulgated to pull "the several statutory presentment provisions together in one place." *Corley*, 129 S. Ct. at 1562-3. At that time, Rule 5(a) required:

> An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States.

---

[2]The "third degree" refers to the "process of extracting a confession or information from a suspect or prisoner by prolonged questioning, the use of threats, or physical torture." Black's Law Dictionary 1518 (8th ed. 2004).

*Mallory v. United States*, 354 U.S. 449, 451-52 (1957) (quoting Fed. R. Crim. Proc. 5(a) (1946)). Applying Rule 5(a), the Supreme Court held that a confession which had been made seven hours after arrest was inadmissible due to unnecessary delay. *Mallory*, 354 U.S. at 453. "Thus the rule known simply as *McNabb-Mallory* 'generally render[s] inadmissible confessions made during periods of detention that violat[e] the prompt presentment requirement of Rule 5(a).' " *Corley*, 129 S. Ct. at 1563 (quoting *United States v. Alvarez-Sanchez*, 511 U.S. 350, 354 (1994)).[3]

**[6]** In 1968, Congress modified the *McNabb-Mallory* rule by enacting 18 U.S.C. § 3501(c). *See Corley*, 129 S. Ct. at 1563—64. Section 3501(c) provides that a court may not suppress a confession made during a six-hour safe-harbor period solely due to delay in presentment if the confession was made voluntarily and if the weight to be given the confession is left to the jury. 18 U.S.C. § 3501(c).[4] The statute also provides for an extension of the six-hour time limit "in any case in which

---

[3]Although Rule 5(a) has been amended since *Mallory* was decided, the relevant language for purposes of the prompt-presentment requirement is the same: Rule 5 still requires federal officers to present or arraign defendants before a judge "without unnecessary delay." Fed. R. Crim. Proc. 5(a)(1)(A).

[4]Section 3501(c) states, in pertinent part:

> In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention . . . .

18 U.S.C. § 3501(c).

the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer." *Id.*

In *Corley,* the Supreme Court held that § 3501(c) did not supplant the *McNabb-Mallory* rule, but rather modified the rule to "provide immunization to voluntary confessions given within six hours of a suspect's arrest." 129 S. Ct. at 1564. As we have explained, the "clear effect of [§ 3501(c)] is to create a six-hour 'safe harbor' during which a confession will not be excludable solely because of delay." *United States v. Van Poyck*, 77 F.3d 285, 288 (9th Cir. 1996) (internal alterations omitted); *accord United States v. Mitchell*, 502 F.3d 931, 961 n.4 (9th Cir. 2007).

**[7]** In light of its interpretation of § 3501(c), the Supreme Court set forth a two-part test for assessing potential violations of the prompt-presentment requirement:

> [A] district court with a suppression claim must find whether the defendant confessed within six hours of arrest (unless a longer delay was "reasonable considering the means of transportation and the distance to be traveled to the nearest available magistrate"). [1] If the confession came within that period, it is admissible, subject to the other Rules of Evidence, so long as it was "made voluntarily and the weight to be given it is left to the jury." [2] If the confession occurred before presentment and beyond six hours, however, the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb-Mallory* cases, and if it was, the confession is to be suppressed.

*Corley*, 129 S. Ct. at 1571 (alterations and citations omitted).

Applying this two-part test to the facts of this case, we first conclude that Garcia's confession of alienage falls outside the § 3501(c) safe harbor. There is no dispute that Garcia made his confession more than six hours after he was arrested. Nor is the extension of the six-hour time limit under § 3501(c) applicable here, because the district court did not find the delay "to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer." 18 U.S.C. § 3501(c).

Because the § 3501(c) safe harbor is inapplicable, we next consider whether the delay "was unreasonable or unnecessary under the *McNabb-Mallory* cases."[5] *Corley*, 129 S. Ct. 1571. Garcia urges us to define "unnecessary delay" as delay caused by "factors beyond the government's control that necessarily prevent prompt presentation to a magistrate." According to Garcia, a "busy day at the border patrol station," the cause of the delay in his case, is "the epitome of unnecessary delay." Thus, Garcia argues, his confession must be suppressed.

**[8]** We disagree. The Supreme Court has held "that delay for the purpose of interrogation is the epitome of 'unnecessary delay.' " *Corley*, 129 S. Ct. at 1563 (citing *Mallory*, 354 U.S. at 455-56) (emphasis added). The *McNabb-Mallory* rule was designed to deter police from engaging in lengthy pre-arraignment detentions for the purpose of further interrogating a defendant. Accordingly, a delay is unreasonable and unnecessary when it is "of a nature to give opportunity for the extraction of a confession." *Mallory*, 354 U.S. at 455. We have been careful not to overextend *McNabb-Mallory*'s prophylactic rule in cases where there was a reasonable delay

---

[5]Before *Corley* was decided, Garcia argued that § 3501(c) required the suppression of any confession that was made more than six hours after arraignment and does not otherwise meet the safe-harbor requirements of § 3501(c). In supplemental briefing after *Corley* was issued, Garcia abandoned this argument, which is clearly inconsistent with *Corley*'s two-prong test for assessing violations of the prompt-presentment requirement.

unrelated to any prolonged interrogation of the arrestee. In particular, we have held that administrative delays due to the unavailability of government personnel and judges necessary to completing the arraignment process are reasonable and necessary and therefore do not violate the prompt-presentment requirement of Rule 5(a). *See, e.g.*, *United States v. Gamez*, 301 F.3d 1138, 1143 (9th Cir. 2002) (holding that a day-and-a-half delay was reasonable due to the unavailability of Spanish-speaking federal agents); *Van Poyck*, 77 F.3d at 289 (holding that a defendant's statements "fall[ing] outside § 3501(c)'s 'safe harbor' " were nonetheless admissible because the weekend delay due to the lack of an available magistrate was "reasonable" under the circumstances).

**[9]** Here, the district court found the delay in Garcia's presentment was caused not by a desire to interrogate Garcia further but by a shortage of personnel necessary to process Garcia and determine whether he should be criminally charged. *See United States v. Garcia-Hernandez*, 550 F. Supp. 2d 1228, 1235 (S.D. Cal. 2008). The district court's findings are not clearly erroneous. *See United States v. Padilla-Mendoza*, 157 F.3d 730, 732 (9th Cir. 1998) ("We review a district court's finding that a pre-arraignment delay was reasonable for clear error."). Because we agree with the district court that the delay in presentment occasioned by the officers' heavy caseload was reasonable and necessary under the circumstances, we conclude that the district court did not err in denying Garcia's motion to suppress his confession.[6]

## III

The indictment sufficiently alleged a violation of 8 U.S.C.

---

[6]Because we conclude that Garcia was arraigned "without unnecessary delay," Fed. R. Crim. P. 5(a), we need not address Garcia's argument that *Corley* supersedes our cases indicating that a defendant's statement may be admitted if admission is supported by "public policy." *See Van Poyck*, 77 F.3d at 289.

§ 1326, and Garcia's confession of alienage was properly admitted. The judgment of the district court is therefore AFFIRMED.