FILED

NOT FOR PUBLICATION

FEB 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE CUEVAS-VILLALOBOS,

Defendant - Appellant.

No. 12-50603

D.C. No. 3:11-cr-05130-IEG-1.

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued and Submitted February 7, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District
Judge.[**]

Defendant-Appellant Jose Cuevas-Villalobos appeals from his conviction

and sentence, imposed after jury trial, for one count of possession of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Brian M. Cogan, United States District Judge for the Eastern
District of New York, sitting by designation.

The district court did not err in declining to dismiss the indictment or impose evidentiary sanctions based on the government's failure to preserve evidence. As to the vehicle, the defense had already inspected it before it was sold, and thus its continued exculpatory value was not obvious to the officers. There has been no showing that Defendant suffered any significant prejudice from its loss. Cf. United States v. Sivilla, 714 F.3d 1168, 1173-74 (9th Cir. 2013) (defendant suffered significant prejudice where government disposed of load vehicle before defendant had an opportunity to inspect it). As to the lost air fresheners, their exculpatory value was also not obvious, and in any event the district court mitigated the potential prejudice with a jury instruction, albeit not as forceful an instruction as the defense had requested.

The district court did not err in denying Defendant's motion to suppress Defendant's statements. Defendant received a Miranda warning in his native Spanish. Although the agent who gave the warning was not fluent in Spanish, he had experience reading the warning from pre-printed cards in Spanish. In addition, there was a Spanish-speaking agent in the room to answer any questions Defendant might have had and who testified, in effect, that the manner in which the warnings were read was very comprehensible. Further, even though the agents had warned Defendant of the possible penalties he was facing, the district court did not err in finding that there was no evidence that Defendant felt compelled to make

incriminating statements.  Cf. United States v. Tingle, 658 F.2d 1332, 1335–36 (9th Cir. 1981) (confession was involuntary where officer recited maximum penalties that defendant faced, and then stated that defendant would not see her child).

Finally, it appears that the district court misapprehended the timeline as to when Defendant made the statement he seeks to suppress.  The court stated that he made the statement within six hours of his arrest, and therefore within the safe harbor period set forth in 18 U.S.C. § 3501(c).  In fact, the interrogation started shortly before the expiration of the safe harbor period, and Defendant made the incriminating statement in dispute approximately 20 minutes after the six hours expired.  Nevertheless, the statement need not have been suppressed.  Although "[s]tatements made outside the six-hour 'safe harbor' may be excluded solely for delay . . . a court is not obligated to do so." United States v. Van Poyck, 77 F.3d 285, 288 (9th Cir. 1996); see also United States v. Manuel, 706 F.2d 908, 912–13 (9th Cir. 1983) ("Where the delay is longer than six hours . . . a confession is not inadmissible *per se*.  The test is . . . involuntariness, but unreasonable delay in excess of six hours can by itself form the basis for a finding of involuntariness.").

Here, Defendant was questioned for a little more than an hour in total, and made the statement in question a maximum of twenty minutes after the expiration of the six-hour safe harbor.  "We have been careful not to overextend

3

<u>McNabb–Mallory</u>'s prophylactic rule in cases where there was a reasonable delay unrelated to any prolonged interrogation of the arrestee." <u>United States v. Garcia-Hernandez</u>, 569 F.3d 1100, 1106 (9th Cir. 2009). Given the agents' need to procure further biographical information about Defendant's family and the brevity of the interview, the delay in presentment preceding Defendant's statement was not unreasonable and the statement was properly admitted. The district court did not clearly err in finding that any delay was not for the purpose of obtaining a confession. <u>See</u> <u>id.</u>

We have considered Defendant's remaining arguments and find them without merit.

**AFFIRMED.**