**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50068 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-02268-LAB-1 |
| v. | |
| JOAQUIN ANTONIO DAVALOS-LOPEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 12, 2019
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,** District Judge.

Joaquin Antonio Davalos-Lopez was convicted in a jury trial of attempted illegal reentry following deportation, in violation of 8 U.S.C. § 1326 (Count 1), and attempted illegal entry by an alien, in violation of 8 U.S.C. § 1325 (Count 2).

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

The district court sentenced him to 37 months in prison and three years of supervised release for both counts, to run concurrently. Davalos appeals his conviction for Count 1 and his sentence for both counts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Davalos's conviction and sentence for Count 1, but vacate his sentence for Count 2.

1. Davalos argues that the indictment was fatally flawed as to Count 1 because it did not allege that Davalos had the specific intent to enter the United States free from official restraint. Because the indictment "set forth the offense in the words of the statute itself," however, "[i]t is generally sufficient . . . as long as 'those words . . . fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)). The indictment here did just that. Unlike the indictment in *United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1031–32 (9th Cir. 2001), which Davalos relies on, the present indictment required the grand jury to find that Davalos crossed the border "with the purpose, i.e., conscious desire, to enter" the country without permission. That the indictment did not define the distinct legal meaning of "entry" does not render it deficient, for indictments need not contain the level of specificity that may be required in jury instructions. *Compare United States v. Vazquez-Hernandez*, 849 F.3d 1219, 1225 n.3 (9th Cir.

2

2017) (requirements for jury instructions) *with United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (requirements for indictments).

2.      We also reject Davalos's argument that the district court erred at sentencing by denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  The court emphasized several times that it "fully under[stood] that one who goes to trial is eligible for . . . acceptance of responsibility."  But after considering the circumstances—including Davalos's "impassioned entreaty to the jury to let [him] go," his lack of apology to the court, and the fact that Davalos had nine prior convictions for immigration offenses—the court determined that Davalos had not clearly demonstrated sincere contrition.  Because that decision was not "without foundation," the district court did not abuse its discretion in determining that Davalos did not meet the requirements for the downward adjustment.  *United States v. Innie*, 7 F.3d 840, 848 (9th Cir. 1993).

3.      We vacate Davalos's sentence as to Count 2.  The district court erred by sentencing Davalos to 37 months in prison and three years of supervised release because the statutory maximum sentence for that count is two years in prison and one year of supervised release.  8 U.S.C. § 1325(a); 18 U.S.C. §§ 3559(a)(5), 3583(b)(3).

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**